**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**PRE–ENGINEERED BUILDING PRODUCTS, INC., Respondent.**

No. 77–1289.

United States Court of Appeals, Tenth Circuit.

Submitted Jan. 22, 1979.

Decided Aug. 1, 1979.

Howard F. Fine, Atty., John S. Irving, General Counsel, John E. Higgins, Jr., Deputy General Counsel, Carl L. Taylor, Associate General Counsel, and Elliott Moore, Deputy Associate General Counsel, N. L. R. B., Washington, D. C., for petitioner.

George W. Owens and Gregory M. Pensabene of Eagleton, Eagleton & Owens, Tulsa, Okl., for respondent.

Before HOLLOWAY, BARRETT and McKAY, Circuit Judges.

McKAY, Circuit Judge.

This is an application for enforcement of an order of the National Labor Relations Board (NLRB) obligating Pre-Engineered Building Products, Inc. (the Company) to bargain with Shopmen's Local Union 620, International Association of Bridge, Structural & Ornamental Ironworkers (the Union). For the reasons we discuss, enforcement is denied, and the Company's motion to adduce additional evidence is granted.

The NLRB adopted the finding of its administrative law judge that the Company was the successor of an employer obligated to bargain with the Union. It also adopted a finding that the Company had unlawfully refused to bargain. It is not disputed that the Company engages in the same work, and utilizes the same production facility, as its predecessor. It is conceded that the Union was the legitimate bargaining agent for employees in the predecessor's enterprise. The determinative dispute on appeal relates to whether the NLRB was correct in refusing to accept new evidence of changes in the composition of the Company's labor force.

The Company contends that the NLRB erred in requiring it to bargain with the Union because, at the time the proceedings below were initiated, the Company had not yet hired a "full complement" of workers. It is argued that such a complement was subsequently obtained, but the NLRB refused to take additional evidence on the point.

The full complement argument raised by the Company has its genesis in the following language from the Supreme Court's decision in *N. L. R. B. v. Burns International Security Services, Inc.*, 406 U.S. 272, 294–95, 92 S.Ct. 1571, 1586, 32 L.Ed.2d 61 (1972):

> Although a successor employer is ordinarily free to set initial terms on which it will hire the employees of a predecessor, there will be instances in which it is perfectly clear that the new employer plans to retain all of the employees in the unit and in which it will be appropriate to have him initially consult with the employees' bargaining representative before he fixes terms. In other situations, however, it may not be clear until the successor employer has hired his full complement of employees that he has a duty to bargain with a union, since it will not be evident until then that the bargaining representative represents a majority of the employees in the unit as required by § 9(a) of the Act, 29 U.S.C. § 159(a).

While the *Burns* standard is not difficult to state, it is rather difficult to apply. The problem is in identifying a full complement of employees.

The Ninth Circuit has provided a helpful analysis of the "full complement" reference from *Burns*:

> The *Burns* [language] implies that when a new employer hires only part of the old unit, together with others who were never part of the unit, any decision regarding the employer's duty to bargain with the union affects the new employer, the old employees whom he has hired, and the new employees who were not previously represented by the union. The rights of all three must be considered. Basic to this consideration is § 9(a) of the Act, 29 U.S.C. § 159(a), which places in the hands of the majority of the employees in the unit the decision whether to be represented or not by the union. That majority's right is paramount. The "full

complement" standard of *Burns* attempts to define *when* the makeup of the controlling majority is to be determined.

The problem then becomes one of defining what is meant by a "full complement." That cannot be done by the application of a mathematical formula but only by considering the facts of each case in light of the general goal which is sought—to assure majority rule within the new employer's unit as to whether and if so with what union there must be collective bargaining.

*Pacific Hide & Fur Depot, Inc. v. N. L. R. B.*, 553 F.2d 609, 612–13 (9th Cir. 1977). The process of identifying a full complement thus involves balancing the objective of insuring maximum employee participation in the selection of a bargaining agent against the goal of permitting employees to be represented as quickly as possible.[1] It would be ludicrous to postpone defining a full complement until the successor of a small enterprise has achieved the status of a multibillion dollar international corporation. But it could also be inappropriate to precipitately point to a full complement as existing at the moment a successor assumes operation of an essentially moribund predecessor.

In the case before us, the Company notes that it took over the production facility of its predecessor some two weeks after the predecessor had gone out of business. The Company was thus faced with the necessity of rebuilding both production demand and work force. At the time of the administrative hearing, the Company had only four production employees, each of whom had been employed by the predecessor. But the Company contends that it subsequently hired many employees who were not associated with the predecessor. It also notes that the predecessor had employed as many as 41 production employees during 1974, before it deliberately began to wind down its operations. The Company thus contends that the NLRB should have permitted the introduction of evidence relating to the composition of the Company's expanded work force.

When a predecessor business has been taken over in full operation, the issue here presented is not likely to arise. On the other hand, when, as in this case, the predecessor business has essentially collapsed at the time of the takeover and a successor of necessity must rebuild both production demand and work force, it is incumbent upon the NLRB to examine the available evidence to determine when the successor employer has obtained a full complement of employees.[2] We believe the NLRB was arbitrary in this case in refusing to consider, upon motion to reopen the evidence, proof relating to changes in the composition of the Company's work force.

The NLRB's application for enforcement is denied. The Company's petition to remand is granted for the purpose of taking evidence to determine when the Company acquired a full complement of employees. This time may or may not be the one earlier identified by the NLRB. If the Company's complement of employees is found to have been "full" at a subsequent time, the NLRB must determine whether, at that point, the

---

1. The NLRB has offered the following explanation of this balancing approach:

   On the one hand, employees may not select an exclusive bargaining representative until there is a substantial complement, representative of the skills and types of employees who will ultimately constitute the unit. On the other hand, once a substantial and representative complement has been hired, the employer may not defer the employees' right to bargain collectively through representatives of their own choosing until some indefinite date in the future when production will be at full capacity and the bargaining complement will be deemed full.

   Memorandum in Opposition to Company's Motion for Leave to Adduce Additional Evidence, at 3.

2. Absent legitimate reasons for doubting majority representation status, once a full complement of employees is achieved, the duty to bargain arises if the predecessor's former employees constitute a majority. *See Pacific Hide & Fur Depot, Inc. v. N. L. R. B.*, 553 F.2d 609, 611 (9th Cir. 1977); *N. L. R. B. v. Band-Age, Inc.*, 534 F.2d 1, 4 (1st Cir.), *cert. denied*, 429 U.S. 921, 97 S.Ct. 318, 50 L.Ed.2d 288 (1976).

Company was under an obligation to bargain with the Union.